UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**LEO FRANKLIN LOONEY #317006**         **CASE NO. 3:19-CV-00939 SEC P**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**DARREL VANNOY**                       **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se petitioner Leo Looney. [doc. #1]. Looney challenges his sentence imposed in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Because Looney cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States, or that the state courts' decisions were: (1) contrary to or involved an unreasonable application of clearly established law or (2) based on an unreasonable determination of the facts in light of the evidence presented, Looney's Petition should be **DENIED** and **DISMISSED WITH PREJUDICE**.

### Background

The facts and procedural history were summarized by the Louisiana Second Circuit Court of Appeal as follows:

> On July 26, 1989, 15–year–old Leo Looney ("defendant") and his cousin, Kenneth Price, purchased a pistol to use in the robbery of a Cracker Barrel convenience store in Ouachita Parish. Price, followed by Looney, entered the store to make a small purchase. When the clerk opened the register, defendant pulled out the gun and demanded the money. Two eyewitnesses pulled into the parking lot and testified to the robbery in progress. Defendant heard the sound of the car engine, looked in that direction, and fired the pistol. The store

clerk was killed. Following a trial, the jury found defendant guilty of second degree murder. On November 19, 1992, Looney was sentenced to life imprisonment at hard labor without the benefit of parole. This Court affirmed defendant's conviction and sentence in an unpublished opinion. Defendant filed several applications for post-conviction relief that were denied.

On October 29, 2012, defendant filed a pro se motion to correct an illegal sentence, arguing that his mandatory life without parole sentence was unconstitutional under *Miller v. Alabama* because he was 15 years old when the crime was committed. In *Miller*, the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. The trial court denied the motion to correct illegal sentence because Louisiana courts initially viewed *Miller* as a procedural change that did not apply retroactively.

After the United States Supreme Court held that *Miller* applied retroactively to cases on collateral review, such as the instant case, in *Montgomery v. Louisiana* defendant filed a pro se "Motion to Amend to Manslaughter." Defendant argued that, because his life sentence without parole had been ruled unconstitutional, he should be sentenced under the next responsive offense of manslaughter. Following a hearing on August 1, 2016, the trial court denied the motion, finding that the court did not have the authority to resentence defendant under the manslaughter statute. On June 22, 2016, defendant filed another pro se motion to correct illegal sentence. Defendant again argued that his conviction and sentence should be vacated as illegal, and that he should be convicted of the next responsive verdict, manslaughter.

On September 2, 2016, defendant's attorney filed a motion to reconsider sentence. Counsel noted that, since the denial of defendant's pro se "Motion to Amend to Manslaughter," another defendant had been resentenced to the sentence for manslaughter by a judge in a different section of the court. Counsel requested that the trial court reconsider resentencing defendant under the manslaughter statute. The motion to reconsider sentence was denied.

On February 16, 2017, the trial court vacated defendant's original sentence and imposed a new sentence of life imprisonment ***with*** the benefit of parole eligibility. In lengthy written reasons for the sentence, the trial court noted that it had ordered a pre-sentence investigation and conducted a sentencing hearing prior to resentencing defendant. The trial court found that defendant was not the "rare juvenile offender whose crime reflects irreparable corruption" deserving of a life sentence without the benefit of parole. The trial court reviewed the facts of the offense, defendant's criminal record, his prison records, and his social history. On March 9, 2017, defendant Looney filed a motion to reconsider sentence, which was denied.

*State v. Looney*, 51, 782 (La. App. 2 Cir. 1/10/18). 245 So.3d 1143, 1144-45, <u>writ denied</u>, 2018-0298 (12/17/18), 258 So.3d 598.

Looney appealed, claiming his sentence was unconstitutional. The appellate court confirmed the conviction, and the Louisiana Supreme Court denied writ. *Id*.

On July 19, 2019, petitioner filed the instant Application for Writ of Habeas Corpus alleging the following claims: (1) that the trial court erred in denying his Motion to Reconsider Sentence in conflict with the United States Supreme Court's decisions in *Miller v. Alabama* and *Montgomery v. Louisiana*; (2) that resentencing him violated his right to "fair notice"; and (3) that resentencing him violated the prohibition against *ex post facto* laws. On September 27, 2019, the defendant filed his response to the petition for a writ of habeas corpus. [doc. # 11]. On September 26, 2019, petitioner filed a motion to amend his complaint to include a recent Fifth Circuit opinion he thought relevant. [doc. # 12]. On October 7, 2019, the court issued an order allowing petitioner to amend his complaint. [doc. # 13]. On October 16, 2019, petitioner filed an objection to the petition for habeas relief. [doc. # 15]. The matter is ripe.

## Law and Analysis

### I. Standard of Review

An application for a writ of habeas corpus on behalf of a person already in custody shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015)(citing *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).

After a state court has adjudicated a prisoner's claims on the merits, an application for a writ of habeas corpus should be granted only if the petitioner shows that the adjudication:

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001); *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), cert. den., 555 U.S. 827 (2008). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## II. There was no unreasonable application of federal law as to Looney's claims.

### 1. Looney's revised sentence does not conflict with the Supreme Court's decisions in *Miller v. Alabama* and *Montgomery v. Louisiana*.

Looney claims his revised sentence conflicts with federal law. This is mistaken. In *Miller*, the Supreme Court held that a mandatory life sentence without parole violates the Eighth Amendment's prohibition on 'cruel and unusual' punishment if the offender was under 18 years of age at the time the offense was committed. *See Miller v. Alabama*, 567 U.S. 460 (2012). *Miller* did not prohibit a court's ability to impose a life sentence without parole, but the court must

4

consider how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. *Id*. at 480.

Looney's sentence was amended to include the possibility of parole. Thus, his sentence is not unconstitutional under *Miller*. In fact, in *Montgomery v. Louisiana*, the Supreme Court said a state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. 136 S. Ct. 718, 736 (2016). The court further noted that allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. *Id*. Thus, Looney's sentence is in accord with federal law and this claim can be dismissed.

### 2. Looney was not denied fair notice.

Looney argues he was denied fair notice. The state court found this argument to be without merit. *State v. Looney*, 245 So.3d at 1147. The undersigned agrees that the argument is without merit. Louisiana state courts have routinely rejected this "fair notice" argument when it has been raised by other petitioners. *See, e.g., State v. Jackson*, 51, 527 (La. App. 2 Cir. 8/9/17); 243 So.3d 1093, 1099, writ denied 17-1540 (La. 5/25/18), 243 So.3d 565; *State v. Harper*, 243 So.3d 1084, 51, 539 (La. App. 2 Cir. 8/9/2017); 243 So.3d 1084, 1088-89. The elements required for proof of second-degree murder have not changed since Looney committed the crime and the sentence for committing the crime remains life imprisonment at hard labor. The only change is that the trial court can now allow for the criminal defendant to have the possibility of parole. After the Supreme Court held in *Montgomery v. Louisiana* that *Miller v. Alabama* applied retroactively, Looney was provided counsel for a sentencing hearing on September 30, 2016. Thus, he cannot show that the

5

state court's decision regarding fair notice was contrary to or involved an unreasonable application of Supreme Court law.

### 3. There was no violation of the ex post facto clause.

Looney contends there was a violation of the *ex post facto* clause. An *ex post facto* law is "a law that applies retroactively, especially in a way that negatively affects a person's rights, as by criminalizing an action that was legal when it was committed." *Black's Law Dictionary* 661 (9th ed. 2009). Article I, Section 10 of the United States constitution and Article I, Section 23 of the Louisiana constitution prohibit *ex post facto* application of the criminal law by the state. "The focus of the *ex post facto* inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable." *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790; *State ex rel. Olivieri v. State*, 00-0172 (La. 02/21/01), 779 So.2d 735, *cert. denied*, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).

There is no *ex post facto* violation here. Looney's criminal sentence has been decreased, not increased, as a result of the Supreme Court's decisions. Before he was sentenced to life without parole, but now he has the possibility of parole. Thus, the new law has not negatively affected Looney's rights and the appellate court's finding was not an unreasonable application of federal law.

### Conclusion

Because Looney cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States, or that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented, **IT IS RECOMMENDED** that the Petition [doc. # 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. P 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGREIVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 23rd day of October 2019

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE